## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TC HULETT, JR,

          *Plaintiff,*

  vs.                                         Case No. 24-1090-EFM-ADM

FNU RODDEN, ET AL.,

          *Defendants.*

### MEMORANDUM AND ORDER

Pro se Plaintiff TC Hulett, Jr., brings this case against Defendants (fnu) Rodden, Jesse Valdez, Johnson County, Kansas, and Olathe Booking Center alleging deprivation of his civil liberties during his May 17, 2022 arrest. This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 18) and Supplemental Motion to Dismiss (Doc. 20). For the following reasons, the Court grants Defendants' Motions.

### I.      Factual and Procedural Background

On May 17, 2022, Plaintiff allegedly was sitting in front of the law library in Olathe, Kansas, when Johnson County Sheriff's Deputies arrested him. Plaintiff alleges that after his arrest the Sheriff Deputies collaborated and wrote a false police report, which resulted in Plaintiff's incarceration at the Olathe Booking Center and the prosecution of an unknown charge.

That same day, while at the Olathe Booking Center, Plaintiff requested to be taken to the emergency room. Plaintiff alleges that the Sheriff's Deputies denied his request, immediately

surrounded him, and forced him into a cell by himself. Plaintiff felt physically intimidated by the Sheriff's Deputies and the booking staff's presence.

Plaintiff further alleges that the Sheriff's Deputies used excessive force while handcuffing and handling him during his detention. According to Plaintiff, the Deputies painfully contorted and applied pressure to his arms, shoulders, neck, and chest, causing those areas of the body significant injury. As a result of his injuries, Plaintiff allegedly lost consciousness and was sent to Olathe Medical Center.

Plaintiff alleges that he sustained permanent nerve damage in his wrist as a result of the handcuffs, which prevents him from becoming a tattoo artist. He also alleges that his treatment by the Sheriff's Deputies was emotional and humiliating, and his mental health experienced an "emotional ambush."

On May 17, 2024, Plaintiff filed this suit against Defendants (fnu) Rodden, Johnson County Sheriff's Deputy Jesse Valdez, Johnson County, Kansas, and the Olathe Kansas Booking Center. Against all Defendants, he asserts claims under 42 U.S.C. § 1983 for violation of his First, Fourth, and Fourteenth Amendment Rights; a § 1983 claim for civil conspiracy; and state law claims for intentional infliction of emotional distress, assault, battery, and violation of the Kansas Bill of Rights. Against Defendant Johnson County, he asserts a *Monell* claim under § 1983 for failure to train and supervise. Against, Defendant Olathe Booking Center he asserts a claim for violation of the U.C.C. Finally, against Defendants Johnson County and Olathe Booking Center, he asserts a claim for conversion. Defendants move to dismiss Plaintiff's claims.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon

such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[1] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[2] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[3] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[4] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[5] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[6]

Plaintiff is a pro se litigant, and therefore his pleadings must be liberally construed.[7] However, the district court is not permitted "to assume the role of advocate for the pro se litigant."[8] For this reason, "the court will not construct arguments or theories for the plaintiff in the absence

---

[1] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[3] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[4] *Iqbal*, 556 U.S. at 678-79.

[5] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[6] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

of any discussion of those issues."[9] A plaintiff's pro se litigant status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[10]

### III.    Analysis

#### A.    Claims against Olathe Booking Center

Defendants move for dismissal of all claims against the Olathe Booking Center on the basis that this entity cannot be sued under Kansas law. Under Fed. R. Civ. P. 17(b), the capacity of a party to be sued in federal court is determined by state law. Kansas law provides that subdivisions, agencies, or departments of governmental agencies do not have the capacity to sue or be sued in the absence of a statute providing otherwise.[11] No Kansas statute permits "the Olathe Booking Center" to sue or be sued. Therefore, this named Defendant is dismissed from the case.

#### B.    Claims against Johnson County

Defendants move for the dismissal of all claims against Johnson County because it is also an entity that cannot be sued under Kansas law. K.S.A. § 19-105 states that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of _____[.]" Because Plaintiff has sued Johnson County itself instead of the board of county commissioners as Kansas law requires, his claims against Johnson County fail to state a claim for relief.

---

[9] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[10] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[11] *Pfuetze v. Kansas*, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010), aff'd, 420 F. App'x 854 (10th Cir. 2011) (citing *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311, 316 (Kan. 1985)).

Even if Plaintiff could sue Johnson County, the Complaint still fails to allege sufficient facts to state § 1983 or *Monell* claims against it. As to Plaintiff's § 1983 claim for violation of the First, Fourth, and Fourteenth Amendments, Plaintiff's Complaint rests on the actions of the Johnson County Sheriff's Deputies. But Johnson County cannot be held vicariously liable for its subordinates' actions.[12] Therefore, this claim is dismissed.

As to Plaintiff's *Monell* claim, the Complaint alleges that Johnson County "failed to adopt clear policies and failed to properly train its booking deputies as to the proper role of officers private disputes, such [sic] life, liberty and freedom." It further alleges that Johnson County's "policy or custom, and its failure to adopt clear policies and failure to properly train its deputies were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff."

Plaintiff's *Monell* claim fails because he does not set forth a municipal policy or custom beyond conclusory allegations. The Tenth Circuit has held that a municipal policy or custom may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[13]

---

[12] *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Respondeat superior or vicarious liability will not attach under § 1983." (citation omitted)); *Howard v. Topeka Shawnee Cnty. Metro. Planning Comm'n*, 578 F. Supp. 534, 538–39 (D. Kan. 1983) (holding that no vicarious liability exists for claims brought under §§ 1983 or 1985).

[13] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

Plaintiff's allegations do not demonstrate a formal policy statement, an informal custom, decisions of employees with final policymaking authority, or the ratifications by final policy makers of the decisions of subordinates. And while Plaintiff generally alleges a failure to train, he does not allege that the failure results from deliberate indifference to his injuries. Thus, Plaintiff's allegations do not sufficiently allege a "municipal policy or custom." The Complaint fails to state a plausible claim for relief against Defendant Johnson County.

**C.      Section 1983 Claims for Violation of the 1st, 4th, and 14th Amendments**

Plaintiff's Complaint asserts that Defendants Valdez and Rodden violated Plaintiff's rights under the First, Fourth, And Fourteenth Amendments. Defendants Valdez and Rodden move for dismissal on the basis that they are entitled to qualified immunity. Qualified immunity protects individual defendants from liability "unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known."[14] This is a two-part test, putting the burden on the plaintiff "to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[15] The Court is free to address these prongs in any order.[16] Additionally, this standard "requires enough allegations to give the defendants notice of the theory under which their claim is made."[17]

---

[14] *Lynch v. Bd. of Cnty. Comm'rs of Muskogee Cnty.*, 786 F. App'x 774, 784 (10th Cir. 2019) (quoting *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1251 (10th Cir. 1999)).

[15] *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (further citation and quotations omitted).

[16] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[17] *Robbins*, 519 F.3d at 1249.

The Complaint alleges that Plaintiff "was threatened, intimidated, and coerced by Defendants" and that Plaintiff was unlawfully restrained, detained, and searched by Defendants. It further alleges that "Deputies used excessive force and painfully contorted and applied pressure to his arms, shoulders, neck, and chest." Defendants Rodden and Valdez argue that these allegations fail to show a violation of a constitutional right by either Defendant because Plaintiff does not specify whether any of these actions were taken by Defendant Rodden or Defendant Valdez.

In his response, Plaintiff opposes qualified immunity. He argues that Defendants Rodden and Valdez have fiduciary duties and that they are not above the Constitution and the law. Plaintiff does not explain how or why the allegations in his Complaint are adequate. He also makes no additional allegations in his response.

The Court agrees with Defendants. To state a § 1983 claim against individual state actors, Plaintiff's Complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."[18] Here, the Complaint only generally refers to the "Sheriff's Deputies." Plaintiff does not assert any specific allegations as to what actions Defendants Rodden and Valdez took. Therefore, Plaintiff fails to state a plausible § 1983 claim against them. Defendants Rodden and Valdez are entitled to qualified immunity.

**D.    § 1983 Conspiracy Claim**

Plaintiff alleges that Defendants "collaborated to write a false police report which falsely and fraudulently described [Plaintiff's] actions." To establish a conspiracy under § 1983, "a plaintiff must show 'at least a combination of two or more persons acting in concert and an

---

[18] *Id.* at 1250 (citing *Twombly*, 550 U.S. at 565 n.10).

allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective.'"[19] Furthermore, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."[20]

Plaintiff's allegations of conspiracy do not meet this standard. Plaintiff does not allege when the agreement was reached, who participated, what reports were falsified, or how any false report caused his arrest or other constitutional deprivation. Therefore, Plaintiff fails to state a plausible conspiracy claim.

**E.    State Law Claims**

*1.    Failure to Comply with K.S.A. § 12-105b*

In the "Supplemental State Claims" section of his Complaint, Plaintiff asserts tort claims of intentional infliction of emotional distress, assault, and battery. Defendants seek dismissal of these claims on the basis that Plaintiff did not comply with K.S.A. § 12-105b. Under that statute, a plaintiff must provide written notice before commencing an action against a municipality or its employee.[21] A plaintiff must file the notice with the clerk or the governing body of the municipality, and the notice must set forth the facts and circumstances giving rise to the claim.[22] After providing the requisite notice, the plaintiff may not file suit until after he "has received notice

---

[19] *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021) (quoting *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010)).

[20] *Id*. (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)).

[21] Kan. Stat. Ann. § 12-105b(d)(1).

[22] *Id*.

from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."[23]

Notice must be alleged in the complaint.[24] If a plaintiff fails to plead that he has complied with K.S.A. § 12-105b(d), the court lacks subject matter jurisdiction over those tort claims.[25]

Here, Plaintiff does not meet any of the requirements of K.S.A. § 12-105b(d). He did not file a written notice, and the Complaint does not allege compliance with K.S.A. § 12-105b. Therefore, the Court dismisses Plaintiff's state law tort claims for lack of subject matter jurisdiction.

### 2.    *Assault and Battery*

Even if Plaintiff complied with K.S.A. § 12-105b, his state law claims of assault and battery fail because they are untimely. K.S.A. § 60-514(b) provides that actions for assault and battery must be filed within one year. The Complaint alleges that all conduct occurred on May 17, 2022. Plaintiff filed this action two years later—on May 17, 2024. Accordingly, Plaintiff's claims are barred by the statute of limitations.

### 3.    *Claims under the Kansas Bill of Rights*

Finally, Plaintiff lists the Kansas Bill of Rights §§ 5, 9, 16, and 18 in the "Supplemental State Claims" section of his Complaint. However, the Kansas Bill of Rights does not provide a

---

[23] *Id.*

[24] *Swender v. Garden City Comm. Coll.*, 2024 WL 1344439, at *4 (D. Kan. Mar. 29, 2024) (citing Fed. R. Civ. P. 9(c)).

[25] *Id.* (citing *Ottawa N. R.R., LLC v. City of Baldwin*, 2023 WL 7923152, at *11 (D. Kan. Nov. 16, 2023)).

private cause of action for alleged violations.[26] Therefore, Plaintiff does not state a viable claim for violation of the Kansas Bill of Rights, and this claim must also be dismissed.

## IV.    Conclusion

In sum, the Court dismisses each claim in Plaintiff's Complaint. Plaintiff's claims against Defendant Olathe Booking Center and Johnson County are dismissed because these entities cannot be sued under Kansas law. Plaintiff's § 1983 claims against Defendant Rodden and Defendant Valdez are dismissed because Defendants are entitled to qualified immunity. Plaintiff's § 1983 conspiracy claim is dismissed for failure to state a claim. Plaintiff's state law tort claims are dismissed for failure to comply with K.S.A. § 12-105b. Finally, Plaintiff's claim under the Kansas Bill of Rights is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Supplemental Motion to Dismiss (Doc. 20) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 2nd day of June, 2025.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[26] *See Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1205 (D. Kan. 2018) ("Plaintiff's state-law causes of action are not cognizable because Kansas law does not permit a claim for monetary damages brought directly under the Kansas Constitution." (citation omitted)); *see also Dozier v. City of Overland Park*, 2006 WL 2177859, at *2 (D. Kan. July 31, 2006) ("Section 18 of the Kansas Bill of Rights does not provide a private cause of action.").

-10-